# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: ELY YAO,                                                                               No. 7-10-15540 JA

        Debtor.

## MEMORANDUM OPINION

Debtor seeks to re-convert this Chapter 7 bankruptcy case to Chapter 13 and resume making the remaining payments under his prior confirmed Chapter 13 plan. *See* Debtor's Motion for Reconversion of Chapter 7 Case to Chapter 13 and to Reinstate Confirmed Plan (11 U.S.C. 706(c), FRBP 1017(f)(1)) ("Motion to Reconvert") – Docket No. 72.[1] The Chapter 13 Trustee (the "Chapter 13 Trustee" or "Trustee")[2] opposes the motion, arguing that the confirmed Chapter 13 plan ceased to exist upon the Debtor's voluntary conversion to Chapter 7 and cannot be reinstated upon reconversion to Chapter 13. *See* Chapter 13 Trustee's Objection to Debtor's Motion to Reconvert from Chapter 7 to Chapter 13 ("Objection") – Docket No. 75. The Court heard oral argument on the Motion to Reconvert and took the matter under advisement. The Court rejects the Trustee's argument that the confirmed chapter 13 plan becomes a nullity upon conversion to Chapter 7, and will, therefore, grant the Motion to Reconvert.

## FACTS AND PROCEDURAL HISTORY[3]

Debtor, Ely Yao, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 1, 2010. *See* Docket No. 1. He filed a Chapter 13 plan on November 24, 2010 (the Plan"). *See* Docket No. 15. The Plan proposed payments of $510.00 per month for a period of

---

[1] In support of the Motion to Reconvert, Debtor filed a Declaration of Ely Yao in Support of Conversion to Chapter 13 ("Declaration") – Docket No. 80. The Chapter 13 Trustee objected to the Declaration, reiterating her argument that the Debtor cannot reinstate the original, confirmed Chapter 13 plan to pick up where he left off. *See* Chapter 13 Trustee's Objection to Debtor's Affidavit and Motion to Reconvert from Chapter 7 to Chapter 13 – Docket No. 82.

[2] Although the services of the Chapter 13 Trustee were terminated upon conversion to Chapter 7, making her the former Chapter 13 Trustee relative to this bankruptcy case, for ease of reference the Court refers to her as the Chapter 13 Trustee or the "Trustee."

[3] With the parties' consent, the Court took judicial notice of the documents filed in the Debtor's bankruptcy case and admitted the Declaration into evidence for purposes of deciding the Motion to Reconvert.

twelve months, followed by payments of $810.00 per month for the next twelve months, and then payments of $1,070.00 per month for a period of thirty-four months, with an additional balloon payment in the last month of the plan term, if necessary, to complete the plan. *Id.* The Plan proposed to pay a tax claim due to the State of New Mexico Taxation and Revenue Department ("NMTR") with no interest. *Id.* The Plan drew objections from the following parties: the Chapter 13 Trustee; NMTR; and the Internal Revenue Service ("IRS"). *See* Docket Nos. 18, 19, and 20. NMTR also filed a supplemental objection, asserting that the Debtor's Gross Receipts, Compensation Use, and Employee Withholding ("CRS") reports were missing from Yao Professional Services for the second half of 2005 and the first half of 2006. *See* Docket No. 22.

The Court entered an order on April 18, 2011 confirming the Plan. *See* Order Amending and Confirming Chapter 13 Plan – Docket No. 37. (The Plan, together with the order confirming the plan, are called the "Confirmed Plan"). The Confirmed Plan resolved the objections of the Chapter 13 Trustee, NMTR, and the IRS, and provided, among other things, for payment of the secured claims of NMTR and IRS with interest at 4% and payment of the priority claims of NMTR and IRS with no interest. The Confirmed Plan also increased the monthly payments for the last thirty-four months of the fifty-eight month plan to $1,300.00. *Id.*

After making payments under the terms of the Confirmation Order for fifty-four months totaling more than $54,000, the Debtor voluntarily converted his Chapter 13 case to Chapter 7 by filing Debtors' [sic.] Notice of Conversion from Chapter 13 to Chapter 7 (11 U.S.C. 1307(a), FRBP 1017(f)(3)) ("Conversion Notice") on June 22, 2015. *See* Docket No. 65. At the time of conversion there remained four payments under the plan of $1300.00 each totaling $5,200. Conversion of the case from Chapter 13 to Chapter 7 terminated the services of the Chapter 13

Trustee. Edward Mazel was appointed as Chapter 7 Trustee in the converted Chapter 7 case. *See* Docket No. 68. The Chapter 13 Trustee then filed a final report and account. *See* Chapter 13 Standing Trustee's Final Report and Account – Docket No. 70. The Chapter 7 Trustee held and concluded the meeting of creditors and issued a report of no distribution on July 20, 2015. *See* Docket No. 71. The Debtor has not received a Chapter 7 discharge.

Approximately two months after filing the Conversion Notice, Debtor filed the Motion to Reconvert on August 25, 2015. *See* Docket No. 72. Debtor give notice of the Motion to Reconvert to all parties in interest that included notice of the applicable 21-day objection period. No party in interest objected to reconversion except the Chapter 13 Trustee. Debtor represented in his Motion to Reconvert that he had saved the payments that would have otherwise been due under the Confirmed Plan, would immediately submit those payments to the Chapter 13 Trustee upon reconversion, and would make the remaining payments as they become due under the Confirmed Plan. *See* Docket No. 72.

In his Declaration, Debtor stated that he chose to convert his case to Chapter 7 because he "was concerned that [he] was not going to be able to make all the payments required to finish my plan" and did not want the "payments over the past 4 years to count for nothing if [his] case was dismissed." Declaration p. 1. At the time of conversion, the claims of NMTR and IRS were not fully paid; after conversion, Debtor contacted NMTR in an effort to arrange for payment of the remaining tax claims. *Id.* Debtor wishes to reinstate his Confirmed Plan to "simplify the situation with the tax agencies." *Id.*

At the time of conversion only four payments remained in the plan term under the Confirmed Plan. With the consent of the Chapter 13 Trustee, Debtor deposited funds in the amount of $5,200 into Court's registry on January 14, 2016, which represent the aggregate

amount of the four monthly payments to complete the Confirmed Plan had no conversion to Chapter 7 occurred. *See* Order Allowing Debtor to Pay Funds into Court Registry Pending Reconversion of Case to Chapter 13 and Reinstatement of Chapter 13 Plan ("Order Authorizing Deposit into Court Registry") – Docket No. 86. If the case is not reconverted to Chapter 13 or the Confirmed Plan is not reinstated, the Debtor may request that the funds held in the Court's registry be disbursed to him. *Id.*

## DISCUSSSION

The Chapter 13 Trustee's primary objection to reconversion of this bankruptcy case to a case under Chapter 13 rests on the premise that, upon conversion of a Chapter 13 case to Chapter 7, a confirmed Chapter 13 plan becomes a nullity and cannot be reinstated. As a result, even if the Debtor were allowed to reconvert to Chapter 13, the Trustee contends that the Debtor must begin the Chapter 13 process anew by attending a § 341 meeting of creditors, providing updated information about his financial circumstances, and proposing a new plan that complies with the requirements of 11 U.S.C. § 1325. Thus, according to the Trustee, if this case is reconverted to Chapter 13, Debtor may not complete the Chapter13 process by simply making the four payments outstanding under the Confirmed Plan.

It is important to note that the Trustee does not object to reconversion to Chapter 13 on the ground that reconversion to Chapter 13 is prohibited *per se*,[4] or that Debtor would be unable

---

[4] Courts do not agree whether it is even possible for a debtor to reconvert a Chapter 7 case to Chapter 13 after a prior voluntary conversion from Chapter 13 to Chapter 7. *Compare, In re Muth,* 378 B.R. 302 (Bankr.D.Colo. 2007) (reconversion not permitted); *In re Fry,* 2008 WL 4682266, *2 (Bankr.D.Kan. Oct. 14, 2008) (bankruptcy court lacks discretion to allow a debtor to reconvert to Chapter 13 if the debtor has previously converted the case from Chapter 13 to Chapter 7); and *In re Carter,* 84 B.R. 744, 747 (D.Kan. 1988) ("debtor's right to convert is lost once it has been exercised") *with Povah v. Hansbury and Finn, Inc. (In re Povah),* 455 B.R. 328 (Bankr.D.Mass. 2011) (debtor may reconvert under appropriate circumstances); *In re Johnson,* 376 B.R. 763 (Bankr.D.N.M. 2007) (court has discretion to allow reconversion); and *In re Hollar,* 70 B.R. 337 (Bankr.E.D.Tenn. 1987) (interpreting § 706(a) to mean that the "absolute right" to convert is lost when a case has been previously converted, but that permissive conversion is still available provided the debtors are otherwise eligible for Chapter 13 relief). *See also, In re Noll,* 491 B.R. 550, 552 (Bankr.E.D.Wis. 2013) (observing that "[w]ith BAPCPA's enactment of the means test to prevent

-4-

in the reconverted case to comply with the terms of the Confirmed Plan or to complete plan payments in a period not to exceed 60 months from Debtor's commencement of this bankruptcy case under Chapter 13. In addition, because no party in interest other than the Chapter 13 Trustee filed a timely objection to the Motion to Reconvert, all parties in interest other than the Chapter 13 Trustee waived the right to object to reconversion for any reason.

Conversion from Chapter 7 to Chapter 13 is governed by 11 U.S.C. § 706. It provides, in relevant part:[5]

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
> . . . .
> (c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.
>
> 11 U.S.C. § 706.

In *In re Green,* 169 B.R. 480 (Bankr.S.D.Ga. 1994), the bankruptcy court found that the debtor's earlier conversion from Chapter 13 to Chapter 7 "nullified" the confirmation order entered while the case was pending under Chapter 13; consequently the debtor could not, upon reconversion to Chapter 13, "simply pick up where she left off under the original plan" but, instead, was required to present a new plan that satisfied all confirmation requirements under 11 U.S.C. § 1325. *Green,* 169 B.R. at 481 and 482. This Court disagrees with the *Green* court's conclusion that

---

abusive Chapter 7 cases, reconversion is appropriate upon a finding of abuse under § 707(b)(1)") (citing *Advanced Control Systems, Inc. v. Justice,* 639 F.3d 838 (8th Cir. 2011)). Because no party objected on this ground, the Court expressly declines to decide whether 11 U.S.C. § 706(a) bars reconversion altogether.

[5] Subsection (b) concerns conversion to chapter 11. *See* 11 U.S.C. § 706(b) ("On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.").

conversion from chapter 13 to Chapter 7 voids or nullifies a confirmation order entered while the case was pending under Chapter 13.

Section 348, which governs the effect of conversion from one chapter to another, provides in relevant part:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
>
> 11 U.S.C. § 348(a).

Conversion from Chapter 13 to Chapter 7 also "terminates the service" of the Chapter 13 Trustee. 11 U.S.C. § 348(e). But nothing in 11 U.S.C. § 348 expressly nullifies or voids a confirmation order entered while the case was pending under Chapter 13. Instead, upon conversion from Chapter 13 to Chapter 7, the statutory provisions under Chapter 13 simply no longer apply. *See Harris v. Viegelahn,* 135 S.Ct. 1829, 1838, 191 L.Ed.2d 783 (2015) (observing that the provisions of Chapter 13 have "no force . . . for they ceased to apply once the case was converted to Chapter 7"). "When a debtor exercises his statutory right to convert the case [from Chapter 13 to Chapter 7] . . . no Chapter 13 provision holds sway." *Id.*

Thus, 11 U.S.C. § 1327(a), which provides that a confirmed plan binds the debtor and all creditors to its provisions and gives the plan its res judicata effect, no longer applies following conversion from Chapter 13 to Chapter 7. *Harris v. Viegelahn,* 135 S.Ct. at 1838 (upon conversion, "the Chapter 13 plan was no longer 'bind[ing]'") (quoting 11 U.S.C. § 1327(a)). *See also In re Doyle,* 11 B.R. 110, 111 (Bankr.E.D.Pa. 1981) (after conversion from Chapter 13 to Chapter 7 "the chapter 13 plan and the order confirming that plan are no longer in force").[6] Creditors cannot enforce the terms of a confirmed Chapter 13 plan following conversion to

---

[6] The *Green* court relied on *Doyle* to conclude that conversion from Chapter 13 to Chapter 7 "nullified" the confirmation order. *Green,* 169 B.R. at 481-82.

-6-

Chapter 7, but the plan and the order confirming plan nevertheless still exist. Thus conversion does not nullify, void, vacate or otherwise terminate the plan or the order confirming the chapter 13 plan. The confirmed Chapter 13 plan is simply no longer binding following conversion to Chapter 7 because the provisions of Chapter 13 no longer apply. Upon reconversion, the Chapter 13 Trustee is reappointed and 11 U.S.C. § 1327(a) once again becomes applicable to bind the debtor and creditors to the terms of the existing plan that was confirmed before conversion to Chapter 7.

The Trustee also asserts that Debtor has not established that he is acting in good faith by seeking to reconvert to Chapter 13. *See* Docket No. 75. In *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007), the Supreme Court considered whether there is a limitation on a debtor's right to convert under 11 U.S.C. § 706(a). The Supreme Court determined that 11 U.S.C. § 707(d), which conditions conversion on the debtor's ability to be a debtor under another chapter, must be applied together with 11 U.S.C. §1307(c), which provides for dismissal or conversion "for cause." *Marrama,* 549 U.S. at 371-373. It reasoned further that because a case may be dismissed under 11 U.S.C. § 1307(c) based on a debtor's bad faith, a finding of bad faith is "tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13." *Id.* at 374. As a result, in *Marrama,* the debtor's pre-petition bad-faith conduct prevented him from converting from Chapter 7 to Chapter 13 under § 706(a).

After *Marrama,* a Court may refuse to grant a debtor's motion to convert from Chapter 7 to Chapter 13 under § 706(a) (even if there has been no prior conversion) if the debtor's bad faith would prevent him from proceeding under Chapter 13. *See In re Joung,* 2011 WL 2413633, *2 (Bankr.D.N.M. June 10, 2011) ("[U]nder *Marrama,* a debtor can forfeit his or her right to

convert under 11 U.S.C. § 706(a) when the debtor's bad faith conduct is sufficient to warrant dismissal of a converted chapter 13 case."). In other words, if the converted case would result in dismissal under § 1307(c) due to the debtor's bad faith conduct, the debtor will not be allowed to convert from Chapter 7 to Chapter 13. Although *Marrama* was primarily concerned with pre-petition bad faith conduct, the "bad faith" ground for dismissal under § 1307(c) is not limited to pre-petition conduct. *See In re Lanham,* 346 B.R. 211, 214 (Bankr.D.Colo. 2006) (acknowledging that bad faith, though not specifically listed in § 1307(c), may constitute "cause" for dismissal, and stating that "[l]ack of good faith is shown when a debtor files a petition without intending to perform the statutory obligations of a debtor under the Bankruptcy Code or when a debtor's conduct before or during a case constitutes an abuse of the provisions, purpose, or spirit of the chapter under which relief is sought.") (citation omitted).

If reconversion to Chapter 13 is not *per se* barred, reconversion likewise implicates good faith considerations under the *Marrama* standard. *See In re Buccolo,* 2009 WL 2132435, *9-*10 (D.N.J. July 13, 2009) (analyzing reconversion under *Marrama* standards, including feasibility (as part of § 1307(c), which references plan confirmation requirements under § 1325) and the debtor's good faith).[7] Here, Debtor's good faith in seeking bankruptcy relief in the first instance has not been questioned. Similarly, his good faith in proposing the original plan has also already been established through confirmation while the case was first pending under Chapter 13. The Debtor filed the Motion to Reconvert within approximately two months of the

---

[7] Courts permitting discretionary reconversion typically scrutinize the facts and circumstances surrounding the debtor's request for reconversion, including the debtor's good faith. *See, e.g., In re Anderson,* 354 B.R. 766, 769 (Bankr.D.S.C. 2006) ("The court has discretion to order a second conversion but should scrutinize the debtor's circumstances, *bona fides*, and ability to succeed with the purposes of conversion. The court should weigh the interests of the debtor, the estate and all creditors and address such motion on a case by case basis."); *Povah,* 455 B.R. at 341 (reconversion requires the court to closely scrutinize the debtor's circumstances, "and the debtor also must establish both good faith and feasibility of any plan of reorganization"); *Buccolo,* 2009 WL 2132435 at *1 (affirming bankruptcy court's denial of debtor's motion to reconvert based on findings that the proposed Chapter 13 plan was not feasible and was not proposed in good faith).

conversion date, and was prepared at that time to pay the full amount of the payments due under the prior confirmed plan. Had the Debtor not converted to Chapter 7, his anticipated plan completion date would have been in September of 2015.[8] Because he was prepared to complete the payments due under the Confirmed Plan in August of 2015, reconversion to Chapter 13 does not cause undue prejudice to creditors. Admittedly, several more months have passed since the filing of the Motion to Reconvert, but the Debtor is not responsible for that delay. In short, the Debtor's conduct throughout this bankruptcy case, including the circumstances surrounding Debtor's request to reconvert to Chapter 13, do not indicate that the Debtor has acted in bad faith so as to require dismissal under 11 U.S.C. § 1307(c) upon reconversion to Chapter 13.

CONCLUSION

Based on the foregoing, the Court concludes that the Debtor may reconvert his Chapter 7 case to Chapter 13 and complete the payments under the original confirmed Chapter 13 plan. Upon reconversion, the Chapter 13 Trustee will be reappointed. The existing plan again becomes binding because the provisions of chapter 13, including 11 U.S.C. § 1327(a), become applicable upon conversion to Chapter 13. The Court's holding is narrow and unique to the Debtor's particular circumstances. The Debtor had only four of fifty-eight payments remaining under his confirmed Chapter 13 plan. He filed a motion to reconvert within two months of conversion. He had the ability to make all four payments immediately upon reconversion.

---

[8] Having filed his petition for relief under Chapter 13 of the Bankruptcy Code on November 1, 2010 and his Chapter 13 plan on November 24, 2010, Debtor's first plan payment was due in December 2010. *See* 11 U.S.C. § 1326(a)(1) ("Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier"). His confirmed plan called for 58 monthly payments. At the time he converted to Chapter 7 in June of 2015, only four plan payments remained due. The Court makes no determination as to when the plan period commenced and ended. *See* 8 Collier on Bankruptcy ¶ 1322.18[2] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2012) (noting that "there is some doubt as to when the three-year and five-year periods begin and end[,]" and observing that "at least one court of appeals has held that the five-year maximum period for plan payments does not commence until confirmation of the plan.") (citing *West v. Costen,* 826 F.2d 1376 (4th Cir. 1987) (remaining citation omitted)).

There was no need for further modification of the plan upon reconversion. There is no evidence that the Debtor has proceeded in bad faith. Finally, because no other objections were raised, this decision does not address the more problematic issue of whether 11 U.S.C. § 706(a) bars reconversion regardless of a debtor's good faith and particular circumstances. The Court will enter a separate order consistent with this Memorandum Opinion.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 31, 2016

COPY TO:

Christopher L Trammell
Attorney for Debtor
3900 Juan Tabo NE
Albuquerque, NM 87111-3984

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111